GRAVES LAW OFFICE P.C.
Philip J. Graves (SBN 153441)
pgraves@graveslawpc.com
John Walton (SBN 130666)
jwalton@graveslawpc.com
Pablo Arredondo (SBN 241142)
parredondo@graveslawpc.com
James Ahn (SBN 243335)
jahn@graveslawpc.com
Fredricka Ung (SBN 253794)
fung@graveslawpc.com
12121 Wilshire Blvd., Suite 775
Los Angeles, California 90025
Telephone:   (310) 295-6500
Facsimile:   (310) 295-6501

Attorneys for Defendant
ATHENA COSMETICS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLERGAN, INC., a Delaware corporation, MURRAY A. JOHNSTONE, M.D., an individual, and DUKE UNIVERSITY | CASE NO. SACV09-328 JVS (RNBx) |
| Plaintiffs, | **ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC. TO PLAINTIFFS ALLERGAN, INC., MURRAY A. JOHNSTONE, AND DUKE UNIVERSITY'S COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| ATHENA COSMETICS, Inc., a Nevada Corporation; PHARMA TECH INTERNATIONAL, INC.; DIMENSIONAL MERCHANDISING, INC.; STELLA INTERNATIONAL, LLC; PRODUCT INNOVATIONS, LLC; METICS, LLC; NUTRA LUXE M.D., LLC; SKIN RESEARCH LABORATORIES, INC.; LIFETECH RESOURCES, LLC; ROCASUBA, INC.; LA CAÑADA VENTURES, INC.; SUSAN F. LIN, M.D.; PETER THOMAS ROTH LABS LLC; AND PETER THOMAS ROTH, INC., | |
| Defendants. | |

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC.
AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

1  ATHENA COSMETICS, INC., a )
   Nevada corporation, )
2  )
                   Counterclaimant, )
3  )
       v. )
4  )
   ALLERGAN, INC., a Delaware )
5  corporation, MURRAY A. )
   JOHNSTONE, an individual; and DUKE )
6  UNIVERSITY )
   )
7  Counterclaim )
   Defendants. )

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC.
AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

Defendant Athena Cosmetics, Inc. ("Defendant"), by counsel, hereby answers the Complaint filed by Allergan, Inc. ("Allergan"), Murray A. Johnstone ("Dr. Johnstone") and Duke University ("Duke") (collectively "Plaintiffs"), and states as follows:

1.      Defendant admits the allegations contained in paragraph 1 of the Plaintiffs' Complaint.

2.      This paragraph states a legal conclusion as to which no response is required, and on that basis Defendant denies the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3.      Defendant admits that it has marketed, promoted, offered to sell or sold a product called RevitaLash.  Defendant admits that it has sold RevitaLash in California.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the remaining allegations contained in paragraph 3 of Plaintiffs' Complaint, and on that basis Defendant denies the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4.      Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the allegations contained in paragraph 4 of Plaintiffs' Complaint, and on that basis Defendant denies the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5.      Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the allegations contained in paragraph 5 of Plaintiffs' Complaint, and on that basis Defendant denies the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6.      Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the allegations contained in paragraph 5 of Plaintiffs' Complaint, and on that basis Defendant denies the allegations contained in paragraph 5 of Plaintiffs' Complaint.

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC. AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

1       7.    Defendant admits that it is a corporation organized and existing under

2   the laws of the State of Nevada, with a place of business at 701 North Green Valley

3   Parkway, Henderson, Nevada, and that it is the successor in interest to Athena

4   Cosmetics Corporation.

5       8.    Defendant is without knowledge sufficient to form a belief as to the

6   truth or falsehood of the allegations contained in paragraph 8 of Plaintiffs'

7   Complaint, and on that basis Defendant denies the allegations contained in

8   paragraph 8 of Plaintiffs' Complaint.

9       9.    Defendant is without knowledge sufficient to form a belief as to the

10  truth or falsehood of the allegations contained in paragraph 9 of Plaintiffs'

11  Complaint, and on that basis Defendant denies the allegations contained in

12  paragraph 9 of Plaintiffs' Complaint.

13      10.    Defendant is without knowledge sufficient to form a belief as to the

14  truth or falsehood of the allegations contained in paragraph 10 of Plaintiffs'

15  Complaint, and on that basis Defendant denies the allegations contained in

16  paragraph 10 of Plaintiffs' Complaint.

17      11.    Defendant is without knowledge sufficient to form a belief as to the

18  truth or falsehood of the allegations contained in paragraph 11 of Plaintiffs'

19  Complaint, and on that basis Defendant denies the allegations contained in

20  paragraph 11 of Plaintiffs' Fourth Amended Complaint.

21      12.    Defendant is without knowledge sufficient to form a belief as to the

22  truth or falsehood of the allegations contained in paragraph 12 of Plaintiffs' Fourth

23  Amended Complaint, and on that basis Defendant denies the allegations contained in

24  paragraph 12 of Plaintiffs' Fourth Amended Complaint.

25      13.    Defendant is without knowledge sufficient to form a belief as to the

26  truth or falsehood of the allegations contained in paragraph 13 of Plaintiffs'

27  Complaint, and on that basis Defendant denies the allegations contained in

28  paragraph 13 of Plaintiffs' Complaint.

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC. AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

1        14.    Defendant is without knowledge sufficient to form a belief as to the

2  truth or falsehood of the allegations contained in paragraph 14 of Plaintiffs'

3  Complaint, and on that basis Defendant denies the allegations contained in

4  paragraph 14 of Plaintiffs' Complaint.

5        15.    Defendant is without knowledge sufficient to form a belief as to the

6  truth or falsehood of the allegations contained in paragraph 15 of Plaintiffs'

7  Complaint, and on that basis Defendant denies the allegations contained in

8  paragraph 15 of Plaintiffs' Complaint.

9        16.    Defendant is without knowledge sufficient to form a belief as to the

10  truth or falsehood of the allegations contained in paragraph 16 of Plaintiffs'

11  Complaint, and on that basis Defendant denies the allegations contained in

12  paragraph 16 of Plaintiffs' Complaint.

13        17.    Defendant is without knowledge sufficient to form a belief as to the

14  truth or falsehood of the allegations contained in paragraph 17 of Plaintiffs'

15  Complaint, and on that basis Defendant denies the allegations contained in

16  paragraph 17 of Plaintiffs' Complaint.

17        18.    Defendant is without knowledge sufficient to form a belief as to the

18  truth or falsehood of the allegations contained in paragraph 18 of Plaintiffs'

19  Complaint, and on that basis Defendant denies the allegations contained in

20  paragraph 18 of Plaintiffs' Complaint.

21        19.    Defendant is without knowledge sufficient to form a belief as to the

22  truth or falsehood of the allegations contained in paragraph 19 of Plaintiffs'

23  Complaint, and on that basis Defendant denies the allegations contained in

24  paragraph 19 of Plaintiffs' Complaint.

25        20.    Defendant is without knowledge sufficient to form a belief as to the

26  truth or falsehood of the allegations contained in paragraph 20 of Plaintiffs'

27  Complaint, and on that basis Defendant denies the allegations contained in

28  paragraph 20 of Plaintiffs' Complaint.

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC. AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

21.    Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the allegations contained in paragraph 21 of Plaintiffs' Complaint, and on that basis Defendant denies the allegations contained in paragraph 21 of Plaintiffs' Complaint.  On information and belief, Allergan asserted in proceedings before the U.S. Patent and Trademark Office that bimatoprost is a prostamide, and that prostamides are biologically distinct from prostaglandins.

22.    Defendant admits that prostaglandins exist.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations contained in paragraph 22 of Plaintiffs' Complaint, and on that basis Defendant denies the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23.    Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the allegations contained in paragraph 23 of Plaintiffs' Complaint, and on that basis Defendant denies the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24.    Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the allegations contained in paragraph 24 of Plaintiffs' Complaint, and on that basis Defendant denies the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25.    Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the allegations contained in paragraph 25 of Plaintiffs' Complaint, and on that basis Defendant denies the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26.    Defendant admits that what purports to be a true and correct copy of the '105 Patent was attached as Exhibit A to Plaintiffs' Complaint.  Defendant admits that the '105 Patent is entitled "Method of Enhancing Hair Growth."  Defendant admits that the '105 Patent lists July 17, 2001 as the Date of Patent.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations contained in paragraph 26 of Plaintiffs' Complaint, and on that

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC. AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

1    basis Defendant denies all remaining allegations contained in paragraph 26 of
2    Plaintiffs' Complaint.

3          27.    Defendant admits that what purports to be a copy of the Patent License
4    Agreement between Allergan and Dr. Johnstone is attached as Exhibit B to
5    Plaintiffs' Complaint.  Defendant is without knowledge sufficient to form a belief as
6    to the truth or falsehood as to whether Allergan entered into a Patent License
7    Agreement with Dr. Johnstone on June 29, 2006.  Defendant denies that the Patent
8    License Agreement attached as Exhibit B grants to Allergan the exclusive right to
9    make, use, and vend the patented invention throughout the world.  Defendant is
10   without knowledge sufficient to form a belief as to the truth or falsehood of all
11   remaining allegations contained in paragraph 27 of Plaintiffs' Complaint, and on that
12   basis Defendant denies all remaining allegations contained in paragraph 27 of
13   Plaintiffs' Complaint.

14         28.    Defendant admits that United States Patent No. 7,351,404 ("the '404
15   Patent") indicates that Application No. 10/345,788 was filed on January 15, 2003.
16   Defendant admits that the '404 Patent indicates that Provisional application No.
17   60/354,425 was filed on February 4, 2002.  Defendant is without knowledge
18   sufficient to form a belief as to the truth or falsehood of all remaining allegations
19   contained in paragraph 28 of Plaintiffs' Complaint, and on that basis Defendant
20   denies all remaining allegations contained in paragraph 28 of Plaintiffs' Complaint.

21         29.    Defendant admits that what purports to be a true and correct copy of the
22   '404 Patent was attached as Exhibit C to Plaintiffs' Complaint.  Defendant admits
23   that the '404 Patent lists April 1, 2008 as the Date of Patent.  Defendant admits that
24   the '404 Patent lists Allergan, Inc. as an Assignee.  Defendant is without knowledge
25   sufficient to form a belief as to the truth or falsehood of all remaining allegations
26   contained in paragraph 29 of Plaintiffs' Complaint, and on that basis Defendant
27   denies all remaining allegations contained in paragraph 21 of Plaintiffs' Complaint.
28

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC.
AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

30.    Defendant admits that United States Patent No. 7,388,029 ("the '029 Patent") indicates that Application No. 11/138,097 was filed on May 26, 2005. Defendant admits that the '029 Patent indicates that Provisional application No. 60/193,645 was filed on March 31, 2000.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations contained in paragraph 30 of Plaintiffs' Complaint, and on that basis Defendant denies all remaining allegations contained in paragraph 30 of Plaintiffs' Complaint.

31.    Defendant admits that what purports to be a true and correct copy of the '029 Patent was attached as Exhibit D to Plaintiffs' Complaint.  Defendant admits that the '029 Patent lists June 17, 2008 as the Date of Patent.  Defendant admits that the '029 Patent lists Duke Univesity as an Assignee.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations contained in paragraph 31 of Plaintiffs' Complaint, and on that basis Defendant denies all remaining allegations contained in paragraph 31 of Plaintiffs' Complaint.

32.    Defendant admits that what purports to be a copy of the Patent License Agreement between Allergan and Duke Univesity is attached as Exhibit E to Plaintiffs' Complaint.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood as to whether Allergan entered into a Patent License Agreement with Duke Univesity on December 17, 2007.  Defendant denies that the Patent License Agreement attached as Exhibit E grants to Allergan the exclusive right to make, use, and vend the patented invention throughout the world.  Defendant denies that the Patent License Agreement attached as Exhibit E grants to Allergan the exclusive right to make, use, and vend the patented invention outside the field of eyelash growth products.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations contained in paragraph 32 of Plaintiffs' Complaint, and on that basis Defendant denies all remaining allegations contained in paragraph 32 of Plaintiffs' Complaint.

6

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC. AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

33.     Defendant admits that it markets, promotes, and sells products named RevitaLash and Hair by RevitaLash.  Defendant denies that it markets or sells RevitaLash for any intended use as a drug.  Defendant markets, promotes and sells RevitaLash as a cosmetic eyelash conditioner product.  Defendant denies all remaining allegations of paragraph 33 as to Defendant.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 33 of Plaintiffs' Complaint, and on that basis Defendant denies the all remaining allegations contained in paragraph 33 of Plaintiffs' Complaint.

34.     Defendant admits that Pharma Tech manufactures and sells a prostamide compound that is the functional cosmetic ingredient in Defendant's RevitaLash and Hair by RevitaLash products.  Defendant denies all remaining allegations of paragraph 34 as to Defendant.

35.     Defendant admits that DMI manufactures a mascara product that does not include a prostaglandin or prostamide compound that is the functional cosmetic ingredient in Defendant's RevitaLash product.  DMI does not currently manufacture RevitaLash or Hair by RevitaLash.  Defendant denies all remaining allegations of paragraph 35.

36.     Defendant denies that it markets or sells RevitaLash or Hair by RevitaLash for any intended use as a drug.  Defendant markets, promotes and sells RevitaLash as a cosmetic eyelash conditioner product, and Hair by RevitaLash as a cosmetic hair conditioner product.  Cosmetic products do not require FDA approval or a prescription.  Defendant denies that it markets or sells RevitaLash or Hair by RevitaLash in violation of federal law.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 36 of Plaintiffs' Complaint, and on that basis Defendant denies the all remaining allegations contained in paragraph 36 of Plaintiffs' Complaint.

7

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC. AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

37.     Defendant denies the allegations contained in paragraph 37 of Plaintiffs' Complaint as to Defendant.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 37 of Plaintiffs' Complaint, and on that basis Defendant denies the all remaining allegations contained in paragraph 37 of Plaintiffs' Complaint.

38.     Defendant denies the allegations contained in paragraph 27 of Plaintiffs' Complaint as to Defendant.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 38 of Plaintiffs' Complaint, and on that basis Defendant denies the all remaining allegations contained in paragraph 38 of Plaintiffs' Complaint.

39.     Defendant admits that Pharma Tech manufactures and sells a prostamide compound that is the functional cosmetic ingredient in Defendant's Revitalash and Hair by RevitaLash products.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 39 of Plaintiffs' Complaint, and on that basis Defendant denies the all remaining allegations contained in paragraph 39 of Plaintiffs' Complaint.

40.     Defendant denies all allegations of paragraph 40.

41.     Defendant denies the allegations of paragraph 41 of Plaintiffs' Complaint as to Defendant.  Defendant denies that it sells RevitaLash or Hair by RevitaLash for any intended use as a drug.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 41 of Plaintiffs' Complaint, and on that basis Defendant denies the all remaining allegations contained in paragraph 41 of Plaintiffs' Complaint.

42.     Defendant denies the allegation in paragraph 42 Plaintiffs' Complaint as the phrase "designed especially for Athena and its eyelash and hair growth products" is vague and ambiguous.  Plaintiff denies the remaining allegations of paragraph 42 of Plaintiffs' Complaint.

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC. AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

43.     Defendant denies the allegations in paragraph 43 of Plaintiffs' Complaint as to Defendant.  Defendant denies that it sells RevitaLash or Hair by RevitaLash for any intended use as a drug.  Defendant sells RevitaLash and Hair by RevitaLash as cosmetic eyelash and hair conditioner products.

### THIRD CLAIM FOR RELIEF

44.     Defendant repeats and incorporates by reference the responses to paragraphs 1-43 above, as if fully set forth herein.

45.     Defendant denies the allegations contained in paragraph 55 of Plaintiffs' Complaint as to Defendant.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 55 of Plaintiffs' Complaint, and on that basis Defendant denies all remaining allegations contained in paragraph 55 of Plaintiffs' Complaint.

46.     Defendant denies the allegations contained in paragraph 56 of Plaintiffs' Complaint as to Defendant.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 56 of Plaintiffs' Complaint, and on that basis, Defendant denies all remaining allegations contained in paragraph 56 of Plaintiffs' Complaint.

47.     Defendant denies the allegations contained in paragraph 57 of Plaintiffs' Complaint as to Defendant.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 57 of Plaintiffs' Complaint, and on that basis, Defendant denies all remaining allegations contained in paragraph 57 of Plaintiffs' Complaint.

48.     Defendant denies the allegations contained in paragraph 58 of Plaintiffs' Complaint as to Defendant.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 58 of Plaintiffs' Complaint, and on that basis, Defendant denies all remaining allegations contained in paragraph 58 of Plaintiffs' Complaint.

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC. AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the Complaint, Defendant asserts the following defenses.

### FIRST AFFIRMATIVE DEFENSE

49.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

50.     Defendant has not directly or indirectly infringed and does not directly or indirectly infringe any valid and enforceable claim of the '105, '404, or '029 Patents.

### THIRD AFFIRMATIVE DEFENSE

45.     The claims of '105, '404, and '029 Patents are invalid for failure to comply with the conditions and requirements of the patent laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations and laws pertaining thereto.

### FOURTH AFFIRMATIVE DEFENSE
### (Unenforceability of the '105 Patent)

47.     An actual controversy has arisen and now exists between Athena, on the one hand, and Allergan, Murray A. Johnstone, and Duke University on the other hand, concerning whether the '105 Patent is enforceable.

48.     On August 3, 1999, Murray A. Johnstone filed a patent application for a Method of Enhancing Hair Growth, United States Patent Application No. 90/366,656 ("the '656 patent application").  The '656 patent application ultimately issued as the '105 patent.

49.     Each individual associated with the filing and prosecution of the '656 patent application, including the named inventors and prosecuting attorneys, had a

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC.
AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

1  duty of candor and good faith in dealing with the USPTO, including a duty to
2  disclose all information known to be material to patentability.

3       50.    One or more persons substantively involved in the prosecution of the
4  '656 patent application breached the duty of candor and good faith owed to the
5  USPTO by failing to disclose material information and/or by submitting false
6  material information with an intent to deceive the USPTO.

7       51.    One or more persons substantively involved in the prosecution of the
8  '656 patent application failed to disclose U.S. Patent No. 4,596,812 ("the '812
9  Patent") for Methods and Solutions for Treating Male Pattern Alopecia.

10      52.    One or more persons substantively involved in the prosecution of the
11 '656 patent application knew that the '812 Patent was highly material to
12 patentability.

13      53.    Portions of the specification of the '656 patent application were copied
14 from the specification of the '812 Patent.

15      54.    One or more persons substantively involved in the prosecution of the
16 '656 patent application failed to disclose the '812 Patent with the specific intent to
17 deceive the USPTO.

18      55.    One or more persons substantively involved in the prosecution of the
19 '656 patent application failed to disclose Canadian Patent No. 1,339,132 ("the '132
20 Patent") for Prostaglandin Derivatives for the Treatment of Glaucoma or Ocular
21 Hypertension.

22      56.    One or more persons substantively involved in the prosecution of the
23 '656 patent application knew that the '132 Patent was highly material to
24 patentability.

25      57.    Portions of the claims of the '656 patent application were copied from
26 the claims of the '132 Patent.

27

28

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC.
AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

58.     One or more persons substantively involved in the prosecution of the '656 patent application failed to disclose the '132 Patent with the specific intent to deceive the USPTO.

59.     One or more persons substantively involved in the prosecution of the '656 patent application failed to disclose U.S. Patent No. 5,773,472 ("the '472 Patent") for Method and Means for Prevention of Cataract.

60.     One or more persons substantively involved in the prosecution of the '656 patent application knew that the '472 Patent was highly material to patentability.

61.     Portions of the specification of the '656 patent application were copied from the specification of the '472 Patent.

62.     One or more persons substantively involved in the prosecution of the '656 patent application failed to disclose the '472 Patent with the specific intent to deceive the USPTO.

63.     Athena is informed and believes, and on that basis alleges, that the '105 Patent is unenforceable.

64.     Athena desires a judicial determination of the parties' rights and duties with respect to the '105 Patent.

## FIFTH AFFIRMATIVE DEFENSE

### (Unenforceability of the '404 Patent)

65.     An actual controversy has arisen and now exists between Athena, on the one hand, and Allergan, Murray A. Johnstone, and Duke University on the other hand, concerning whether the '404 Patent is enforceable.

66.     On January 15, 2003, David F. Woodward et al. filed a patent application for a Method of Enhancing Hair Growth, United States Patent Application No. 10/345,788 ("the '788 patent application").  The '788 patent application ultimately issued as the '404 patent.

12

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC. AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

67.    Each individual associated with the filing and prosecution of the '788 patent application, including the named inventors and prosecuting attorneys, had a duty of candor and good faith in dealing with the USPTO, including a duty to disclose all information known to be material to patentability.

68.    During the prosecution of the '788 patent application, to overcome a rejection over the '105 Patent, Plaintiff Allergan, Inc. submitted a declaration from David F. Woodward in support of Plaintiff Allergan's argument that the '788 patent application and the '105 Patent are separately patentable.  The Declaration states that bimatoprost is a prostamide and that prostamides are biologically distinct from prostaglandins.  The Declaration states that it would be unobvious to expect that a prostamide would function like a prostaglandin to enhance hair growth.  Allergan, Inc. submitted the Woodward declaration with the knowledge that it contained false information and with the intent to deceive the USPTO.

69.    In addition, Allergan, Inc. intentionally deceived the USPTO regarding a material fact by arguing that the Woodward Declaration indicated that the inventions claimed in the '788 patent application were not obvious to a person of ordinary skill in the art as of the priority date of the '788 patent application, knowing that the article attached to the Woodward Declaration postdated the priority date.

70.    In addition, following the submission of the Declaration to the USPTO, but before the '404 Patent issued, Plaintiff Allergan brought suit against Defendants alleging that Defendants' use of bimatoprost infringes the '105 Patent.

71.    Plaintiff Allergan failed to disclose this litigation and its allegations in this litigation to the USPTO prior to the issuance of the '404 Patent.

72.    Once the '404 Patent issued, Plaintiff Allergan added the '404 Patent and asserted both patents against Defendants who use or have used bimatoprost.

73.    Plaintiff Allergan intended to mislead the USPTO by either or both submitting the Woodward Declaration and/or failing to disclose this litigation, and

13

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC. AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

1  the allegations made in this litigation, which are material to the patentability of the

2  inventions claimed in the '788 patent application.

3      74.    Athena is informed and believes, and on that basis alleges, that the '404

4  Patent is unenforceable.

5      75.    Athena desires a judicial determination of the parties' rights and duties

6  with respect to the '404 Patent.

7                      **SIXTH AFFIRMATIVE DEFENSE**

8                   **(Unenforceability of the '029 Patent)**

9      76.    An actual controversy has arisen and now exists between Athena, on

10 the one hand, and Allergan, Murray A. Johnstone, and Duke University on the other

11 hand, concerning whether the '029 Patent is enforceable.

12     77.    On May 26, 2005, Mitchell Anthony DeLong, et al. filed a patent

13 application for a Composition and Method for Treating Hair Loss Using Non-

14 Naturally,Occuring Prostaglandins, United States Patent Application No. 11/138,097

15 ("the '097 patent application").  The '097 patent application ultimately issued as the

16 '029 patent.

17     78.    Each individual associated with the filing and prosecution of the '097

18 patent application, including the named inventors and prosecuting attorneys, had a

19 duty of candor and good faith in dealing with the USPTO, including a duty to

20 disclose all information known to be material to patentability.

21     79.    One or more persons substantively involved in the prosecution of the

22 '029 patent application breached the duty of candor and good faith owed to the

23 USPTO by failing to disclose material information and/or by submitting false

24 material information with an intent to deceive the USPTO.

25     80.    Mitchell Anthony DeLong, et al., Michael Best & Friedrich LLP and

26 Duke University intended to mislead the USPTO by either or both submitting

27 misleading or inaccurate declarations and/or failing to disclose material information

28

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC.
AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

1  which was material to the patentability of the inventions claimed in the '097 patent

2  application.

3      81.    Athena is informed and believes, and on that basis alleges, that the '029

4  Patent is unenforceable.

5

6                  **SEVENTH AFFIRMATIVE DEFENSE**

7      82.    Plaintiffs' claims for relief with respect to the '105, '404 and '029

8  Patents are barred in whole or in part by the equitable doctrine of unclean hands.

9  Plaintiffs' suit is sham litigation brought in bad faith and founded on an objectively

10 baseless allegation of infringement, with the intent to interfere with defendants'

11 relationships with their customers and to gain a monopoly in the high end eyelash

12 enhancement products market.  In addition, on information and belief, Allergan has

13 made unsubstantiated, false or misleading statements to regulatory authorities

14 concerning, for example, the safety of high end eyelash enhancement products,

15 including but not limited to RevitaLash, with the intent to interfere with Athena's

16 relationships with its customers and to gain a monopoly in the high end eyelash

17 enhancement products market.  As a result of these acts, there is a substantial danger

18 that Allergan will gain an unlawful monopoly.  Because Allergan is abusing its

19 patent rights and attempting to gain an unlawful monopoly, its claim for

20 infringement of the '105, '404 and '029 Patents are barred in whole or in part by the

21 equitable defense of unclean hands.

22                  **EIGHTH AFFIRMATIVE DEFENSE**

23     83.    One, two or all three of the Plaintiffs lack standing to assert the causes

24 of action set forth in their complaint.

25                  **NINTH AFFIRMATIVE DEFENSE**

26     76.    The Patents-in Suit are each unenforceable under the doctrine of patent

27 misuse.

28

---

15

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC.
AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant requests entry of judgment in its favor and against Plaintiffs stating:

A.     That Plaintiffs Allergan, Inc., Murray A. Johnstone and Duke University take nothing by virtue of their Complaint;

B.     That Defendant Athena does not directly or indirectly infringe and has not directly or indirectly infringed the '105, '404, or '029 Patents;

C.     That the '105, '404, and '029 Patents are invalid;

D.     That the '105, '404, and '029 Patents are unenforceable;

E.     That this case be deemed an "exceptional case" within the meaning of 35 U.S.C. § 285;

F.     That Defendant be awarded its attorneys' fees and costs of suit; and

G.     Any other, further or different relief as this Court may deem just and proper.

DATED:  April 27, 2009          GRAVES LAW OFFICE P.C.


By: _____
        Philip J. Graves
        John Walton
        Pablo D. Arredondo
        James Ahn
        Fredricka Ung
    Attorneys for Defendant
    ATHENA COSMETICS, INC.

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC. AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

## COUNTERCLAIMS

For its counterclaims against Allergan, Inc. ("Allergan"), Murray A. Johnstone and Duke University (collectively, "Counterdefendants"), Athena Cosmetics, Inc. ("Athena" or "Counterclaimant"), alleges and states as follows:

## PARTIES

1.     Counterclaimant Athena was incorporated under the laws of the State of Nevada with a place of business at 701 North Green Valley Parkway, Henderson, Nevada.

2.     Upon information and belief, Counterdefendant Allergan is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2525 Dupont Drive, Irvine, California.

3.     Upon information and belief, Counterdefendant Johnstone is an individual residing in Seattle, Washington.

4.     Upon information and belief, Counterdefendant Duke University is an educational institution located in Durham, North Carolina.

## JURISDICTION AND VENUE

5.     This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     Counterdefendants have submitted to the personal jurisdiction and venue of this Court by filing their Complaint herein.

## FACTUAL BACKGROUND

7.     Counterdefendants allege in their Complaint that they own all right, title, and interest in and standing to sue for infringement of U.S. Patent No. 6,262,105 ("the '105 Patent"), U.S. Patent No. 7,351,404 ("the '404 Patent"), and U.S. Patent No. 7,388,029 ("the '029 Patent"), and that Athena has infringed and is infringing the '105, '404 and '029 Patents.  Athena denies the charges of

17

infringement in their entirety and alleges that the '105, '404 and '029 Patents are not infringed and are invalid and unenforceable.

8.      As a consequence of the foregoing, there is an actual and justiciable controversy between Athena and Counterdefendants with regard to which Athena requests a judicial declaration.

### Allergan's Attempted Monopolization of the Relevant Market
### The Relevant Markets

9.      There are two relevant product markets at issue in this suit.

10.     The first relevant market is that of drugs intended to treat hypotrichosis by growing eyelashes using prostamides or prostaglandins.

11.     Products in the eyelash growth drug market (the "Growth Drug Market") are reasonably interchangeable for the purposes for which they were produced, but are not interchangeable with products outside that market.

12.     The second relevant market is that of cosmetic eyelash beautification products ("Cosmetic Beautification Market").

13.     Products in the Cosmetic Beautification Market are reasonably interchangeable for the purposes for which they were produced, but are not interchangeable with products outside that market.

14.     In the alternative, there is a single market at issue in this suit, the Eyelash Enhancement Products Market.

15.     The relevant geographic market for purposes of Athena's counterclaim is the United States.

### Allergan's Market Power in the Relevant Markets

16.     According to Allergan's Complaint, it is the only firm operating within the Growth Drug Market, and consequently has a 100% market share of that market.

17.     Upon information and belief, Allergan has no market share at this time in the Cosmetic Beautification Market.

18

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC.**
**AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

18.     Allergan's anticompetitive conduct enumerated below is intended to leverage Allergan's existing monopoly in the Growth Drug Market so as to eliminate competition in the Cosmetic Beautification Market.

19.     In the alternative, Allergan has a substantial and increasing market share in the Eyelash Enhancement Products Market.

20.     Substantial barriers prevent the entry of new competitors or the expansion of smaller existing competitors in the relevant markets.  These include large sunk costs, the "lock in" effect, high switching costs, regulatory approvals and requirements (in the Growth Drug Market), and the difficulties and high costs associated with procuring the constituent chemical compounds.  Allergan's anticompetitive practices have increased the already high barriers to entry facing competitors in the relevant markets.  With those barriers in place, dominance once achieved cannot readily be reversed.

**Allergan's Anticompetitive Conduct in the Relevant Markets and Elsewhere**

21.     Allergan has engaged in anticompetitive conduct in the relevant markets and elsewhere.  Allergan has filed baseless, sham litigation against Athena, including but not limited to the instant suit.  Specifically, Allergan initiated and continues to prosecute a first infringement suit asserting the '105 Patent against Athena (CASE NO. SACV07-1316 JVS (RNBx)) despite its knowledge that the '105 Patent is not and has never been infringed by Athena's accused products.  The '105 Patent covers prostaglandin PGF compound with a carboxylic acid or ester group at the C-1 position.  Athena's allegedly infringing products—Revitalash and Hair by Revitalash—contain travamide, and travamide contains an amide group at the C-1 position.  At no time has Revitalash or Hair by Revitalash ever contained a carboxylic acid or ester group at the C-1 position.  Because Allergan knows Athena's accused products do not and have never infringed the '105 Patent, Allergan has even advanced a claim construction position that precludes a conclusion that the

19

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC. AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

1   '105 Patent is infringed by Athena's accused products.  Allergan has now filed a

2   nearly identical complaint in the instant suit, artfully crafting its new Complaint to

3   avoid again asserting the '105 Patent against Athena.  Nevertheless, Allergan

4   continues to assert infringement of the '105 Patent against Athena in the co-pending

5   patent suit.  Allergan's litigation strategy of asserting patents it knows not to have

6   been infringed against Athena renders these efforts a sham, the intent and effect of

7   which is anticompetitive.

8         Allergan has also filed suit under patents it knows to be invalid.  Specifically,

9   Allergan knew when it filed this suit  and when it filed its Third Amended

10  Complaint in the first action that the '404 Patent is invalid.  Upon information and

11  belief, during its extensive due diligence performed in advance of its entering the

12  December 17, 2007 licensing agreement with Duke University regarding the '029

13  Patent, Allergan discovered that its '404 Patent is anticipated by the '029 Patent.  In

14  addition, upon information and belief, Allergan is aware of other prior art that

15  renders the '404 Patent invalid, including but not limited to U.S. Patent Nos.

16  5,688,819; 6,262,105; 6,160,129; U.S. Pub. 2002/0172693 A1; JP H10 287532;

17  Allergan Press Release 3/0112000 entitled "Phase III Lumigan?" (AGN 192024)

18  Data Presented at American Academy of Opthamology; FDA press release "FDA

19  News" of March 16, 2001 entitled "FDA Approves Two New Intraocular Pressure

20  Lowering Drugs For The Management of Glaucoma"; and Business Wire article of

21  March 2, 2001 entitled "Lumigan 6-Month Phase III Data Presented at American

22  Glaucoma Society Meeting."  Despite knowing that its '404 Patent is invalid,

23  Allergan asserted the '404 Patent against Athena, and continues to do so.

24        22.    Allergan has also, since the instigation of the first patent lawsuit against

25  Athena, and with increasing frequency since, made false and disparaging comments

26  to Athena's customers, to the general public, and to the FDA concerning Athena and

27  its Revitalash and Hair by Revitalash products.  The intent and effect of these

28  statements has been to induce customers to boycott Athena and other lash product

manufacturers.  These comments include, but are not limited to, allegations that Athena's Revitalash and Hair by Revitalash products infringe Allergan's invalid and non-infringed patents; that Athena would have to "pay royalties to Allergan to use their ingredient"; that Athena and some of the other lash product manufacturers were "being put out of business" by Allergan and its Latisse product; and that Revitalash would imminently be "seized by the FDA."

23.    Allergan has utilized its existing monopoly in the Growth Drug Market to pressure retail sellers of Revitalash into not carrying eyelash products aside from Latisse, including but not limited to Revitalash.

24.    Allergan has induced its customers to sell Latisse as a retail item, without the prescription and physician supervision mandated by state law. Allergan's intent in doing so is to leverage its monopoly in the Growth Drug Market into the Cosmetic Beautification Market, and/or to achieve a monopoly over the Eyelash Enhancement Products Market.

25.    Allergan has sold its own products at a loss or given them away for free, has offered to buy its customers' remaining supplies of Revitalash if they would discontinue selling Revitalash and/or Hair by Revitalash, and other free advertising, free product and advertisement and marketing reimbursements in an amount not now known, but which will be learned through discovery.  Allergan's intent in in doing so is to leverage its monopoly in the Growth Drug Market into the Cosmetic Beautification Market.

26.    Allergan has utilized a strategy of filing sham patent lawsuits against competitors aside from Athena.  Allergan has used these baseless suits as a tool to extort settlements requiring competitors to leave the Cosmetic Beautification Market.  As all the others are not selling FDA-approved "drugs," they are by default operating in this market.

27.    On information and belief, customers in the relevant markets understand that Allergan had its competitor Jan Marini "shut down" as a result of its

21

1  sham litigation and bad faith instigation of FDA investigations, and that they will
2  shut other competitors out in the same manner in the future.

3      28.    The effect of Allergan's anticompetitive conduct has been to harm the
4  competitive process and thereby consumers in the relevant markets.  Also, Athena
5  has lost substantial numbers and volume of sales as a result of Allergan's
6  anticompetitive conduct.  If Allergan's anticompetitive behavior is not enjoined,
7  consumers will be forced to pay higher prices than they would in freely competitive
8  markets.

9      29.    By reason of Allergan's anticompetitive conduct, Athena has also been
10  injured in its business and its property in an amount that has yet to be determined but
11  that will be established at trial.  Athena's injuries will, at a minimum, include the
12  costs incurred in defense of Allergan's bad faith actions for patent infringement.

13      30.    The harm and potential harm to Athena and its customers in the
14  relevant markets outweighs any potential harm to Allergan from the entry of an
15  appropriately tailored injunction.  Entry of such an injunction restraining Allergan's
16  anticompetitive conduct will serve the public's interest in having free and open
17  competition in the relevant markets.

**<u>Allergan's Use of Athena's Mark as Keyword Search Terms</u>**

19      31.    Athena owns the federal trademark registration for REVITALASH
20  (U.S. Reg. No. 3,246,814).

21      32.    In a further effort to extend its control over additional eyelash product
22  markets, Allergan has purchased keyword search terms containing or constituting
23  Athena's protected marks.  Specifically, Allergan has purchased from Internet search
24  companies, including, but not limited to Google, keywords incorporating Athena's
25  REVITALASH mark.

26      33.    Allergan obviously has purchased Athena's registered REVITALASH
27  mark as a keyword for use in Google's AdWords Program.  If a user enters
28  "Revitalash" as a search phrase in Google, Allergan's ad appears in immediate

22

proximity to the link to Athena's website in the search results. "Screen shots" for this search result are attached hereto as Exhibits 1-3.

34.     On information and belief Allergan has also induced certain of its customers to purchase Athena's registered Revitalash trademark for themselves through the Google AdWords program, thus further diverting these customers to additional retail outlets from which to purchase Allergan's Latisse product. Specifically, upon information and belief, the Center for Laser Surgery, at lasersurgery.com, a selling partner of Allergan's, was encouraged to buy up Athena's registered Revitalash trademark in order to divert customers to its own sight, where Latisse is offered for sale. Screen shots for this search result, and for the Center for Laser Surgery's website selling Latisse, are attached hereto as Exhibits 4 and 5 respectively.

35.     By taking steps to ensure that its ads appear immediately alongside the link for Athena's website, Allergan's actions are inherently deceptive and mislead consumers into believing falsely that Allergan's own website is sponsored or authorized by and/or originates from Athena.

36.     As a result, Allergan has profited through the unlawful use of Athena's protected mark as keyword search terms, at the expense of Athena. Athena has lost a substantial volume and number of sales as a result of this conduct.

## Allergan's Facilitation of the Illegal Sale of Latisse

37.     Doctors that practice in the area of medical aesthetics and who sell prescription drugs must comply with certain legal and regulatory requirements.

38.     California Business and Professions Code Sections 4076, and 4170, et seq. mandates that physicians who wish to sell prescription drugs comply with various requirements applicable to pharmacies that require, among other things, that all products be labeled stating the condition for which the drug was prescribed, that diligent records of all dispensations be kept, and that such drugs be kept out of view.

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC. AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

39.     Upon information and belief, Allergan has encouraged retailers to sell Latisse as a common retail product, in violation of California Business and Professions Code Sections 4170, and 4171.  For example, Allergan has lead retail sellers to believe that they can "give away" Latisse "as a bonus" to customers.

40.     In addition, California law requires that a doctor personally dispense any drugs to her patients.

41.     Upon information and belief, Allergan induced retail sellers of its Latisse product to ignore the requirement of personal physician dispensation of drugs.  Upon information and belief, Allergan directly encouraged retail sales by facilities not associated with a physician, where dispensation of its Latisse drug was effected by non-medical sales people.

42.     Upon information and belief, Allergan has provided spas with free samples of Latisse to give to their customers.

43.     Upon information and belief, Allergan has offered Latisse for free as a "bonus" if botox is purchased at full price.

44.     Athena has lost a substantial number and volume of sales as a result of this conduct.

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC. AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

### FIRST CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the '105 Patent)**

45.     Counterclaimant incorporates by reference, as though fully set forth herein, Paragraphs 1-44 above.

46.     An actual controversy has arisen and now exists between Athena, on the one hand, and Allergan, Murray A. Johnstone on the other hand, concerning whether Athena has infringed and is infringing the '105 Patent.

47.     Athena has not directly or indirectly infringed and does not directly or indirectly infringe any valid and enforceable claim of the '105 Patent.

48.     Athena desires a judicial determination of the parties' rights and duties with respect to the '105 Patent.

49.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their rights as determined by the Court.

### SECOND CAUSE OF ACTION

**(Declaratory Judgment of Invalidity as to the '105 Patent)**

50.     Counterclaimant incorporates by reference, as though fully set forth herein, Paragraphs 1-49 above.

51.     An actual controversy has arisen and now exists between Athena, on the one hand, and Allergan, Murray A. Johnstone on the other hand, concerning whether the '105 Patent is valid.

52.     Athena is informed and believes, and on that basis alleges, that the '105 Patent is invalid for failure to comply with the conditions and requirements of the patent laws, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112, and the rules, regulations and laws pertaining thereto.

53.     Athena desires a judicial determination of the parties' rights and duties with respect to the '105 Patent.

54.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their rights as determined by the Court.

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC. AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

### THIRD CAUSE OF ACTION

### (Declaratory Judgment of Unenforceability as to the '105 Patent)

55.     Counterclaimant incorporates by reference, as though fully set forth herein, Paragraphs 1-54 above.

56.     An actual controversy has arisen and now exists between Athena, on the one hand, and Allergan, Murray A. Johnstone on the other hand, concerning whether the '105 Patent is enforceable.

57.     On August 3, 1999, Murray A. Johnstone filed a patent application for a Method of Enhancing Hair Growth, United States Patent Application No. 90/366,656 ("the '656 patent application").  The '656 patent application ultimately issued as the '105 patent.

58.     Each individual associated with the filing and prosecution of the '656 patent application, including the named inventors and prosecuting attorneys, had a duty of candor and good faith in dealing with the USPTO, including a duty to disclose all information known to be material to patentability.

59.     One or more persons substantively involved in the prosecution of the '656 patent application breached the duty of candor and good faith owed to the USPTO by failing to disclose material information and/or by submitting false material information with an intent to deceive the USPTO.

60.     One or more persons substantively involved in the prosecution of the '656 patent application failed to disclose U.S. Patent No. 4,596,812 ("the '812 Patent") for Methods and Solutions for Treating Male Pattern Alopecia.

61.     One or more persons substantively involved in the prosecution of the '656 patent application knew that the '812 Patent was highly material to patentability.

62.     Portions of the specification of the '656 patent application were copied from the specification of the '812 Patent.

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC. AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

63.     One or more persons substantively involved in the prosecution of the '656 patent application failed to disclose the '812 Patent with the specific intent to deceive the USPTO.

64.     One or more persons substantively involved in the prosecution of the '656 patent application failed to disclose Canadian Patent No. 1,339,132 ("the '132 Patent") for Prostaglandin Derivatives for the Treatment of Glaucoma or Ocular Hypertension.

65.     One or more persons substantively involved in the prosecution of the '656 patent application knew that the '132 Patent was highly material to patentability.

66.     Portions of the claims of the '656 patent application were copied from the claims of the '132 Patent.

67.     One or more persons substantively involved in the prosecution of the '656 patent application failed to disclose the '132 Patent with the specific intent to deceive the USPTO.

68.     One or more persons substantively involved in the prosecution of the '656 patent application failed to disclose U.S. Patent No. 5,773,472 ("the '472 Patent") for Method and Means for Prevention of Cataract.

69.     One or more persons substantively involved in the prosecution of the '656 patent application knew that the '472 Patent was highly material to patentability.

70.     Portions of the specification of the '656 patent application were copied from the specification of the '472 Patent.

71.     One or more persons substantively involved in the prosecution of the '656 patent application failed to disclose the '472 Patent with the specific intent to deceive the USPTO.

72.     Athena is informed and believes, and on that basis alleges, that the '105 Patent is unenforceable.

27

73.     Athena desires a judicial determination of the parties' rights and duties with respect to the '105 Patent.

74.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their rights as determined by the Court.

## FOURTH CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '404 Patent)

75.     Counterclaimant incorporates by reference, as though fully set forth herein, Paragraphs 1-74 above.

76.     An actual controversy has arisen and now exists between Athena, on the one hand, and Allergan, Murray A. Johnstone on the other hand, concerning whether Athena has infringed and is infringing the '404 Patent.

77.     Athena has not directly or indirectly infringed and does not directly or indirectly infringe any valid and enforceable claim of the '404 Patent.

78.     Athena desires a judicial determination of the parties' rights and duties with respect to the '404 Patent.

79.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their rights as determined by the Court.

## FIFTH CAUSE OF ACTION

### (Declaratory Judgment of Invalidity as to the '404 Patent)

80.     Counterclaimant incorporates by reference, as though fully set forth herein, Paragraphs 1-79 above.

81.     An actual controversy has arisen and now exists between Athena, on the one hand, and Allergan, Murray A. Johnstone on the other hand, concerning whether the '404 Patent is valid.

82.     Athena is informed and believes, and on that basis alleges, that the '404 Patent is invalid for failure to comply with the conditions and requirements of the patent laws, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112, and the rules, regulations and laws pertaining thereto.

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC.
AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

83.    Athena desires a judicial determination of the parties' rights and duties with respect to the '404 Patent.

84.    A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their rights as determined by the Court.

## SIXTH CAUSE OF ACTION

### (Declaratory Judgment of Unenforceability as to the '404 Patent)

85.    Counterclaimant incorporates by reference, as though fully set forth herein, Paragraphs 1-84 above.

86.    An actual controversy has arisen and now exists between Athena, on the one hand, and Allergan, Murray A. Johnstone on the other hand, concerning whether the '404 Patent is enforceable.

87.    On January 15, 2003, David F. Woodward et al. filed a patent application for a Method of Enhancing Hair Growth, United States Patent Application No. 10/345,788 ("the '788 patent application").  The '788 patent application ultimately issued as the '404 patent.

88.    Each individual associated with the filing and prosecution of the '788 patent application, including the named inventors and prosecuting attorneys, had a duty of candor and good faith in dealing with the USPTO, including a duty to disclose all information known to be material to patentability.

89.    During the prosecution of the '788 patent application, to overcome a rejection over the '105 Patent, Plaintiff Allergan, Inc. submitted a declaration from David F. Woodward in support of Plaintiff Allergan's argument that the '788 patent application and the '105 Patent are separately patentable.  The Declaration states that bimatoprost is a prostamide and that prostamides are biologically distinct from prostaglandins.  The Declaration states that it would be unobvious to expect that a prostamide would function like a prostaglandin to enhance hair growth.  Allergan, Inc. submitted the Woodward declaration with the knowledge that it contained false information and with the intent to deceive the USPTO.

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC. AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

90.     Following the submission of the Declaration to the USPTO, but before the '404 Patent issued, Plaintiff Allergan brought suit against Defendants alleging that Defendants' use of bimatoprost infringes the '105 Patent.

91.     Plaintiff Allergan failed to disclose this litigation and its allegations in this litigation to the USPTO prior to the issuance of the '404 Patent.

92.     Once the '404 Patent issued, Plaintiff Allergan added the '404 Patent and asserted both patents against Defendants who use or have used bimatoprost.

93.     Plaintiff Allergan intended to mislead the USPTO by either or both submitting the Woodward Declaration and/or failing to disclose this litigation.

94.     Athena is informed and believes, and on that basis alleges, that the '404 Patent is unenforceable.

95.     Athena desires a judicial determination of the parties' rights and duties with respect to the '404 Patent.

96.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their rights as determined by the Court.

## SEVENTH CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '029 Patent)

97.     Counterclaimant incorporates by reference, as though fully set forth herein, Paragraphs 1-96 above.

98.     An actual controversy has arisen and now exists between Athena, on the one hand, and Allergan, Murray A. Johnstone, and Duke University on the other hand, concerning whether Athena has infringed and is infringing the '029 Patent.

99.     Athena has not directly or indirectly infringed and does not directly or indirectly infringe any valid and enforceable claim of the '029 Patent.

100.    Athena desires a judicial determination of the parties' rights and duties with respect to the '029 Patent.

101.    A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their rights as determined by the Court.

30

## EIGHTH CAUSE OF ACTION

### (Declaratory Judgment of Invalidity as to the '029 Patent)

102.   Counterclaimant incorporates by reference, as though fully set forth herein, Paragraphs 1-101 above.

103.   An actual controversy has arisen and now exists between Athena, on the one hand, and Allergan, Murray A. Johnstone, and Duke University on the other hand, concerning whether the '105 Patent is valid.

104.   Athena is informed and believes, and on that basis alleges, that the '029 Patent is invalid for failure to comply with the conditions and requirements of the patent laws, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112, and the rules, regulations and laws pertaining thereto.

105.   Athena desires a judicial determination of the parties' rights and duties with respect to the '029 Patent.

106.   A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their rights as determined by the Court.

## NINTH CAUSE OF ACTION

### (Attempted Monopoly Leveraging in Violation of 15 U.S.C. § 2)

107.   Counterclaimant incorporates by reference, as though fully set forth herein, Paragraphs 1-106 above.

108.   Counterdefendants Allergan and Murray A. Johnstone have filed at least one baseless and sham lawsuit in an effort to extend and leverage their existing monopoly in the market for topical hypotrichosis-treatment drugs into the market for cosmetic eyelash conditioning products, thereby interfering with the business relationships of various third parties including Counterclaimant.

109.   Counterdefendants Allergan and Murray A. Johnstone have filed at least one baseless, sham lawsuit seeking to impose and imposing collateral anticompetitive injury on third parties, including Counterclaimant.

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC. AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

110.   Allergan has sold Latisse in interstate commerce and has engaged in the anticompetitive conduct described herein in interstate channels.

111.   As described herein, Allergan and Murray A. Johnstone repeatedly and maliciously engaged in anticompetitive acts and disparagement of Counterclaimant. Allergan's anticompetitive conduct as described herein was undertaken with the specific intent to create and/or maintain a monopoly in the relevant market.

112.   If not enjoined, a dangerous probability exists that Allergan's and Murray A. Johnstone's anticompetitive conduct will succeed in leveraging Allergan's existing monopoly into an additional market, with the likely results including that (i) Counterclaimant will be foreclosed from the relevant market; and (ii) customers for cosmetic eyelash conditioners will have fewer choices and pay higher prices.

113.   Counterclaimant and other manufacturers and sellers and customers in the relevant market have been injured in their business and their property by reasons of Allergan's and Murray A. Johnstone's antitrust violations.  These injuries flow directly from Allergan's and Murray A. Johnstone's unlawful conduct.

114.   There are no legitimate business justifications for Allergan's and Murray A. Johnstone's anticompetitive conduct, and any purported legitimate business justifications are pretexts that could have been achieved in a less restrictive manner.

115.   Plaintiffs' violations of the law and effects thereof are continuing and will continue unless appropriate injunctive relief is granted.

116.   The illegal conduct of Plaintiffs violates federal antitrust law in, without limitation, at least the following respects:

    (a)    by acting to eliminate, reduce, or interfere with nationwide competition in the sale of eyelash conditioning products in the above-defined relevant market;

32

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC. AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

(b)   by illegally coercing purchasers and potential purchasers of Revitalash and other eyelash conditioning products to discontinue or abstain from purchasing these products;

(c)   falsely told customers that they should stop buying RevitaLash because Athena will be out of business like Jan Marini was and the customers will be stuck with the product they bought;

(d)   by pursuing frivolous litigation to extort settlements from competitors thereby excluding those competitors from market participation;

(e)   by pursuing frivolous litigation to deter competitors and force inefficient use of resources to drive Counterclaimant and other competitors from the relevant market; and

(f)   by illegally buying up Counterclaimant's registered trademark as key words to divert customers using internet search engines such as Google.

117.   Plaintiffs' practices have (i) decreased the quality of products in the relevant market, (ii) increased Plaintiffs' market power, (iii) unreasonably restrained entry into the relevant market(s), (iv) increased cost to consumers by preventing competitive market entrants from achieving economies of scale, and (v) unreasonably restrained competition by channeling consumer choices to Plaintiffs' products, thereby excluding all competing sellers' access to the relevant market.

118.   Athena has been damaged by Allergan and Johnstone's anticompetitive conduct.

## TENTH CAUSE OF ACTION

### (Attempted Monopolization in Violation of 15 U.S.C. § 2)

119.   Counterclaimant incorporates by reference, as though fully set forth herein, Paragraphs 1-118 above.

120.   Counterdefendants Allergan and Murray A. Johnstone have filed at least one baseless and sham lawsuit in an effort to monopolize the market for

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC. AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

eyelash-enhancement products, thereby interfering with the business relationships of various third parties including Counterclaimant.

121.    Counterdefendants Allergan and Murray A. Johnstone have filed at least one baseless, sham lawsuit seeking to impose and imposing collateral anticompetitive injury on third parties, including Counterclaimant.

122.    Allergan has sold Latisse in interstate commerce and has engaged in the anticompetitive conduct described herein in interstate channels.

123.    As described herein, Allergan and Murray A. Johnstone repeatedly and maliciously engaged in anticompetitive acts and disparagement of Counterclaimant. Allergan's anticompetitive conduct as described herein was undertaken with the specific intent to create and/or maintain a monopoly in the eyelash enhancement product market.

124.    If not enjoined, a dangerous probability exists that Allergan's and Murray A. Johnstone's anticompetitive conduct will succeed in creating and maintaining a monopoly in the relevant market, with the likely results including that (i) Counterclaimant will be foreclosed from the relevant market; and (ii) customers for cosmetic eyelash conditioners will have fewer choices and pay higher prices.

125.    Counterclaimant and other manufacturers and sellers and customers in the relevant market have been injured in their business and their property by reasons of Allergan's and Murray A. Johnstone's antitrust violations.  These injuries flow directly from Allergan's and Murray A. Johnstone's unlawful conduct.

126.    There are no legitimate business justifications for Allergan's and Murray A. Johnstone's anticompetitive conduct, and any purported legitimate business justifications are pretexts that could have been achieved in a less restrictive manner.

127.    Plaintiffs' violations of the law and effects thereof are continuing and will continue unless appropriate injunctive relief is granted.

34

128.   The illegal conduct of Plaintiffs violates federal antitrust law in, without limitation, at least the following respects:

(g)   by acting to eliminate, reduce, or interfere with nationwide competition in the sale of eyelash conditioning products in the above-defined relevant market;

(h)   by illegally coercing purchasers and potential purchasers of Revitalash and other eyelash conditioning products to discontinue or abstain from purchasing these products;

(i)   by pursuing frivolous litigation to extort settlements from competitors thereby excluding those competitors from market participation;

(j)   by pursuing frivolous litigation to deter competitors and force inefficient use of resources to drive Counterclaimant and other competitors from the relevant market; and

(k)   by illegally buying up Counterclaimant's registered trademark as key words to divert customers using internet search engines such as Google.

129.   Allergan's and Murray A. Johnstone's practices have (i) decreased the quality of products in the relevant market, (ii) increased Allergan's market power, (iii) unreasonably restrained entry into the relevant market(s), (iv) increased cost to consumers by preventing competitive market entrants from achieving economies of scale, and (v) unreasonably restrained competition by channeling consumer choices to Allergan's products, thereby excluding all competing sellers' access to the relevant market.

130.   Athena has been damaged by Allergan and Johnstone's anticompetitive conduct.

## ELEVENTH CAUSE OF ACTION
### (Lanham Act – Unfair Competition)

131.   Counterclaimant incorporates by reference, as if fully set forth herein, paragraphs 1-130 above.

132.   Allergan's actions described above constitute false and/or misleading representations of fact made in connection with goods and services in commercial advertising or promotion.  For example, Allergan has represented to Athena's customers and the public that Athena's products infringe the patents-in-suit, despite its knowledge that those patents are not infringed and/or invalid.  In addition, Allergan has, in bad faith, represented both to Athena's customers and the public that Athena will soon be driven out of business as a result of Allergan's series of sham patent infringement lawsuits.  In addition, Allergan falsely told customers that they should stop buying RevitaLash because Athena will be out of business like Jan Marini was and the customers will be stuck with the product they bought.  Further, Allergan has represented to Athena's customers and to the public that Athena would soon be forced out of business as a result of FDA enforcement of regulatory violations.

133.   On information and belief, each of Allergan's false and/or misleading representations was made in bad faith.

134.   By its false and misleading statements of fact and material omissions, Allergan has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

135.   Athena has been damaged, and is likely to be damaged, by Allergan's actions in violation of section 43(a) of the Lanham Act.  Athena therefore seeks injunctive relief pursuant to 15 U.S.C. § 1116(a), plus monetary relief comprising Allergan's profits, all damages sustained by Athena, treble damages, and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a).

## TWELFTH CAUSE OF ACTION
### (Lanham Act—Trademark Infringement)

136.   Counterclaimant incorporates by reference, as if fully set forth herein, paragraphs 1-135 above.

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC.
AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

137.   Allergan's unauthorized, willful use of Athena's registered mark in connection with the purchase of keywords in Google's AdWords program and other keyword advertising programs constitutes use in commerce that infringes Athena's exclusive rights in its federally-registered mark and is likely to cause confusion, mistake or deception as to the source, sponsorship or affiliation of the services advertised by Allergan.

138.   Allergan's acts, specifically the unauthorized, willful use of Athena's registered mark in connection with its purchase of keywords in Google's AdWords program and other keyword advertising programs, constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, § 1114(1).

139.   Allergan's acts have caused, and, unless they are restrained by this Court, will continue to cause, Athena to suffer irreparable injury.

140.   Athena has been actually damaged as a result of this conduct.

## THIRTEENTH CAUSE OF ACTION
### (Lanham Act—False Representation)

141.   Counterclaimant incorporates by reference, as if fully set forth herein, paragraphs 1-140 above.

142.   Use of Athena's trademark in connection with its purchase of keywords in Google's AdWords program and other keyword advertising programs constitutes a false designation of origin and false description and representation in violation of Section 43(a) of the Lanham Act, § 1125(a).

143.   Allergan's acts have caused and, unless restrained by this Court, will continue to cause, Athena to suffer irreparable injury.

144.   Athena has been actually damaged as a result of this conduct.

## FOURTEENTH CAUSE OF ACTION
### (Lanham Act—Contributory Trademark Infringement)

145.   Counterclaimant incorporates by reference, as if fully set forth herein, paragraphs 1-144 above.

37

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC.
AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

146.   Allergan has actual sales partnerships with a number of retail sellers of its Latisse product, one of which is Center for Laser Surgery.

147.   On information and belief, Allergan representatives suggested to certain of its retail sellers, including but not limited to Center for Laser Surgery, that they could increase their sales by buying up Athena's registered trademark "Revitalash" in connection with the purchase of keywords in Google's AdWords program and other keyword advertising programs.

148.   Allergan used its influence as supplier of Latisse in order to persuade its retail sellers, including Center for Laser Surgery, to purchase Athena's trademark for purposes of diverting Internet search traffic to those retailers' sites.

149.   Allergan's unauthorized, willful inducement of its retail sellers to purchase Athena's registered mark in connection with Google's AdWords program and other keyword advertising programs constitutes use in commerce that infringes Athena's exclusive rights in its federally-registered mark and is likely to cause confusion, mistake or deception as to the source, sponsorship or affiliation of the services advertised by these third-party retailers and Allergan.

150.   Allergan's acts, specifically the unauthorized, willful inducement of third-party retailers to use Athena's registered mark in connection with its purchase of keywords in Google's AdWords program and other keyword advertising programs, constitutes contributory trademark infringement in violation of Section 32(1) of the Lanham Act, § 1114(1).

151.   Allergan's acts have caused, and, unless they are restrained by this Court, will continue to cause, Athena to suffer irreparable injury.

152.   Athena has been actually damaged as a result of these practices.

## FIFTEENTH CAUSE OF ACTION

**(Violation of California Business and Professions Code §§ 17200 *et seq*.)**

153.   Allergan has sold and facilitated the sale of Latisse in violation of California medical practice law.

154.   Allergan has unfairly, fraudulently, and unlawfully deceived retail sellers of its products into believing that they can be sold to the public in the same manner as a cosmetic product such as Revitalash, by flouting record-keeping, physician-dispensation, patient disclosure, and other requirements.

155.   Allergan has unfairly, fraudulently, and unlawfully deceived the public by encouraging spas and other non-medical facilities to dispense Latisse for free, and without physician dispensation.

156.   Allergan's actions are untrue and deceptive and, thus, in violation of the California Business and Professions Code, as set forth herein.

157.   As a direct and proximate result of the acts and omissions by Allergan herein alleged, Allergan has been, and continues to be, unjustly enriched through the receipt of unjust benefits, resulting in harm and injury to Athena, according to proof.

158.   Athena has been irreparably injured as a result of this conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Counterclaimant requests entry of judgment in its favor and against Counterdefendants providing:

A.   That Athena does not directly or indirectly infringe and has not directly or indirectly infringed the '105 Patent;

B.   That the '105 Patent is invalid;

C.   That the '105 Patent is unenforceable;

D.   That Athena does not directly or indirectly infringe and has not directly or indirectly infringed the '404 Patent;

E.   That the '404 Patent is invalid;

F.   That the '404 Patent is unenforceable;

G.   That Athena does not directly or indirectly infringe and has not directly or indirectly infringed the '029 Patent;

H.   That the '029 Patent is invalid;

I.     That the '029 Patent is unenforceable;

J.     That, pursuant to 15 U.S.C. §§ 1114 and 1125(a), California Business and Professions Code § 17200, Counterdefendants, as well as all persons acting under the direction, control, permission, or authority of Counterdefendants, be enjoined permanently from:

     a.     imitating, copying, making unauthorized use of, or inducing unauthorized use of Athena's marks, including the REVITALASH trademark;

     b.     making any statement or representation whatever, or making any false designation of origin or false description, or performing any act which can, or is likely to, lead the industry or public, or individual members thereof, to believe that any product or service manufactured, distributed, promoted or sold by Counterdefendants is in any manner associated or connected with Counterclaimant, or is sold, manufactured, licensed, sponsored and approved, or authorized by Counterclaimant;

     c.     making any defamatory statement regarding Counterclaimant or any of Counterclaimant's products, to any of Counterclaimant's customers, or any other member of the public;

     d.     engaging in any other activity constituting an infringement of Counterclaimant's trademarks, service marks, or counterclaimant's rights in, or to use or to exploit, said trademarks and service marks, or constituting any dilution of Counterclaimant's trade names, reputation or goodwill;

     e.     registering, maintaining the registration of, operating, owning, promoting, advertising, marketing, and/or utilizing any website whose domain name and/or content utilizes any of Athena's marks, including "Revitalash";

     f.     purchasing "keywords" containing any of Counterclaimant's marks, including but not limited to "Revitalash," alone or in combination, to drive internet traffic to websites operated by Counterdefendants or agents, partners, sales affiliates, distributors of Counterdefendants or banner advertisements for same;

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC. AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

       g.     assisting, aiding, abetting, or inducing any other person or business entity from engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above;

K.    That Counterclaimant is entitled to actual damages;

L.    That Counterclaimant is entitled to statutory damages;

M.    That Counterclaimant is entitled to punitive damages;

N.    That Counterclaimant is entitled to three times its actual damages, pursuant to § 1117(d);

O.    That Counterclaimant is entitled to restitution of Counterdefendants' profits made on sales of Latisse in violation of California Business and Professions Code and other state medical practice laws, pursuant to California Business and Professions Code § 17203;

P.    That Counterclaimant is entitled to three times its actual damages under the Clayton Act, § 4 and (1) punitive damages, (2) additional damages as provided by statute, (3) injunctive relief, and (4) costs of suit, including reasonable attorneys' fees and prejudgment and postjudgment interest.

Q.    That this case be deemed an "exceptional case" within the meaning of 35 U.S.C. § 285;

R.    That Counterclaimant be awarded its attorneys' fees and costs of suit; and

S.    Any other, further or different relief as this Court may deem just and proper.

DATED:  April  27, 2009       GRAVES LAW OFFICE P.C.

By: _____
    Philip J. Graves
    John Walton
    Pablo D. Arredondo
    James Ahn
    Fredricka Ung
    Attorneys for Defendant

ATHENA COSMETICS, INC.

41

1

## **JURY DEMAND**

2      Defendant and Counterclaimant Athena Cosmetics, Inc. hereby demands a

3  trial by jury on all issues so triable.

4  DATED:  April 27, 2009              GRAVES LAW OFFICE P.C.

5

6                                      By: _____

7                                          Philip J. Graves
                                           John Walton
8                                          Pablo D. Arredondo
                                           James Ahn
9                                          Fredricka Ung
                                       Attorneys for Defendant

10                                     ATHENA COSMETICS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS ATHENA COSMETICS, INC.
AND PHARMA TECH INTERNATIONAL, INC. TO PLAINTIFFS' COMPLAINT**

**PROOF OF SERVICE**

I am over the age of eighteen years and not a party to this action. My business address is Graves Law Office, P.C., 12121 Wilshire Boulevard, Suite 775, Los Angeles, California 90025.

On April 27, 2009, I served the following document entitled **ANSWER AND COUNTERCLAIMS OF DEFENDANT/COUNTERCLAIMANT ATHENA COSMETICS, INC., TO PLAINTIFFS' COMPLAINT, and REQUEST FOR JURY TRIAL** on all interested parties to this action in the manner prescribed as follows:

See attached list.

  **_CM/ECF**: I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing, which transmits a Notice of Electronic Filing to the CM/ECF registrants listed above.

  **X  MAIL:** I placed true and correct copies of the document(s) in sealed envelope(s) addressed to the above addressee(s). I am readily familiar with Graves Law Office, P.C.'s practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

  ____  **FAX:** I caused the within document to be transmitted via facsimile transmission to the above addressee(s) at the above facsimile numbers before 5:00 p.m. on the above date.

  **X  EMAIL:** I transmitted true copies of the within document (without exhibits) electronically by means of email to the above addressee(s) at the above email address(es).

  ____  **HAND:** I caused the within document to be hand-delivered to the above addressee(s) at the above address(es).

  ____  **FEDEX:** I caused the within document to be delivered by Federal Express addressee(s) at the above address(es).

I declare that I am employed by a member of the bar at whose direction such service was made.

Executed on April 27, 2009, at Los Angeles, California.

Tiphanie Sparks

1

**PROOF OF SERVICE**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Attorneys for Plaintiffs/Counterclaimants*
**ALLERGAN, INC., MURRAY A. JOHNSTONE**
**And DUKE UNIVERSITY**
Jeffrey T. Thomas
T. Kevin Roosevelt
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
Facsimile:   (949) 451-4220
kroosevelt@gibsondunn.com
jtthomas@gibsondunn.com

*Attorneys for Defendant*
**LIFETECH RESOURCES LLC**
Karen D. McDaniel
Elizabeth A. Zondes
MERCHANT AND GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
kmcdaniel@merchantgould.com
ezidones@merchantgould.com

*Attorneys for Defendant*
**LIFETECH RESOURCES LLC**
Amanda Rose Washton
TOWLE DENISON SMITH AND TAVERA
10866 Wilshire Boulevard, Suite 500
Los Angeles, CA 90024
awashton@tdstlaw.com

*Attorneys for Defendants*
**PETER THOMAS ROTH LABS LLC**
**PETER THOMAS ROTH INC.**
Bryan J. Sinclair
MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO PC
5 Palo Alto Square – 6th Floor
3000 El Camino Real
Palo Alto, CA 94306
bsinclair@mintz.com

*Attorneys for Defendants*
**METICS LLC**
**PRODUCT INNOVATIONS LLC**
**STELLA INTERNATIONAL LLC**
Jeffrey L. Weiss
WEISS MOY & HARRIS
4204 N. Brown Ave.
Scottsdale, AZ 85251
jweiss@weissiplaw.com

2

**PROOF OF SERVICE**